"UNDER SEAL"

FILED
CHARLOTTE, NC

NOV 18 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **DOCKET NO.: 5:25-cr-53-KDB** |
|  | ) |  |
| **v.** | ) | **BILL OF INDICTMENT** |
|  | ) |  |
|  | ) | **UNDER SEAL** |
|  | ) |  |
|  | ) | **Violations:** |
|  | ) |  |
|  | ) | **18 U.S.C. §2252A(a)(1) and (b)(1)** |
| **SHAWN LARKIN** | ) | **18 U.S.C. §2252A(a)(5)(B) and (b)(2)** |
|  | ) |  |

**THE GRAND JURY CHARGES:**

**COUNT ONE**

**(Transportation of Child Pornography)**

On or about September 1, 2024, in Caldwell County, within the Western District of North Carolina and elsewhere, the defendant,

**SHAWN LARKIN,**

did knowingly transport and ship any child pornography, as defined in 18 U.S.C. §2256(8), using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(1) and (b)(1).

**COUNT TWO**

**(Possession of Child Pornography)**

Between on or about September 30, 2015, and September 2, 2024, in Caldwell County, within the Western District of North Carolina and elsewhere, the defendant,

**SHAWN LARKIN,**

did knowingly possess any material that contained an image of child pornography, as defined in 18 U.S.C. §2256(8), that involved a minor who had not attained 12 years of age, and that has been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 2253. The following property is subject to forfeiture in accordance with Section 2253:

a. Any visual depiction or book, magazine, periodical, film, videotape, or other matter which contains any such depiction, which was produced, transported, mailed, shipped, or received during the violations set forth in this bill of indictment;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from proceeds of the violations;

c. Any property, real or personal, used or intended to be used to commit or promote the violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b) and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

a. An Apple iPhone XR, an Apple iPad model A1822 5th generation, an Apple iPhone 7 Plus, and a Lenovo laptop, all seized on or about May 27, 2025.

A TRUE BILL:

FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

KIMLANI M. FORD
ASSISTANT UNITED STATES ATTORNEY